Douglas J. Pick, Esq.
Eric C. Zabicki, Esq.
**PICK & ZABICKI LLP**
Proposed Counsel to the Debtor
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                    Chapter 11
PRIME HOTEL MANAGEMENT LLC,                        Case No. 18-

                          Debtor.
------------------------------------------------------------x

## AFFIDAVIT PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

STATE OF NEW YORK    )
                             ) ss.:
COUNTY OF NEW YORK  )

       HAG GYUN LEE, being duly sworn, deposes and says:

       1.     I am the President of Eben Ascel Corp. which is the Manager and 85% member of Prime Hotel Management LLC, the debtor and debtor-in-possession herein (the "Debtor"). I am familiar with the facts and circumstances as recited herein.

       2.     The Debtor is a New York limited liability company formed on July 5, 2013 for the purpose of acquiring, owning, and developing certain real property located at 17 West 24th Street, New York, New York, Block 826, Lot 28 (the "Property"). The Property consists of a 26' x 97.75' parcel on which a five-story building presently stands.

       3.     The Debtor purchased the Property on October 25, 2013 with the intention of demolishing the existing building and constructing, from the ground up, an eighteen-story, sixty-eight key, 30,033 square foot hotel thereon (the "Project"). The Debtor estimates that the Property,

which is the Debtor's sole asset of consequential value, presently has a fair market value of approximately $8,700,000 as is.

4. On January 30, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this Court and an Order for Relief was entered. The Debtor's case is a "single asset real estate" case pursuant to § 101(51B) of the Bankruptcy Code.

5. The Debtor's bankruptcy filing was precipitated by disputes with certain lenders (*i.e.*, Century Capital Partners, LLC ("Century Capital") and Century 24th Street Prime Partners LLC ("Century 24th")) concerning amounts loaned or agreed to be loaned to the Debtor to refinance certain existing mortgage obligations and to fund the Project. In 2016, said disputes ultimately lead to the Debtor's abandonment of the Project for lack of funding, the commencement of a foreclosure action by Century 24th with regard to a $7,300,000 mortgage against the Property and the commencement of a separate breach of contract action against the Debtor by Century Capital in New Jersey with regard to a $16,000,000 construction loan which failed to close.

6. On or about June 6, 2017, Century 24th assigned its mortgage to DS 17 West 24th Street Note Purchaser LLC ("DS 17") who was then substituted for Century 24th as the plaintiff in the foreclosure action. No foreclosure judgment has been entered as of the date hereof.

7. On or about August 15, 2017, the Debtor entered into a Contract of Sale pursuant to which the purchaser agreed to pay all amounts necessary to satisfy the mortgage held by DS 17 at the time of closing. However, on October 13, 2017, a $480,000 money judgment was entered against the Debtor and in favor of Century Capital in the New Jersey breach of contract case. On November 3, 2017, the judgment was domesticated in New York whereupon it became a lien against the Property and thereby frustrating the parties' efforts to close on the contract of sale.

2

8.    Also, on November 27, 2017, DS 17 provided the Debtor with a payoff statement with regard to its mortgage against the Property for an amount that was several hundreds of thousands of dollars more than the parties had anticipated. By way of example only, DS 17 asserted that in addition to interest on the $7,300,000 principal debt at the 24% per annum default rate, the Debtor was obligated to a pay "late charges" totaling approximately $737,000 representing 10% of the entire accelerated loan balance (including on the principal balance). The purchaser balked at paying these unexpected and disputed amounts in order to close on the Contract of Sale. The purchaser subsequently failed to close at a December 13, 2017 "time of the essence" closing and the Debtor elected to terminate the Contract of Sale.

9.    The Debtor sought protection under the Bankruptcy Code so as to, among other things, stay further litigation, debt collection efforts and a possible foreclosure sale of the Property while the Debtor addresses the claims asserted against it by DS 17, Century Capital and other purported creditors, seeks out replacement financing and/or equity investments, pursues a market sale of the Property and otherwise attempts to reorganize its financial affairs under the Bankruptcy Code.

10.    Pursuant to LBR 1007(a)(3), no committee of creditors of the Debtor was formed prior to the Petition Date.

11.    Pursuant to LBR 1007-2 (a)(4), a list containing the names and addresses of the entities believed to be the twenty largest unsecured creditors of the Debtor, excluding insiders, has been filed with the Court.

12.    Pursuant to LBR 1007-2(a)(5), a list containing the names and addresses of the entities believed to be all of the Debtor's secured creditors have been listed in the Debtor's Schedule D which has been filed with the Court.

13. Pursuant to LBR 1007-2(a)(6), an approximate summary of the Debtor's assets and liabilities are set forth in the Debtor's Schedules A/B, D, and E/F which have been filed with the Court.

14. Pursuant to LBR 1007-2(a)(7), the issued and outstanding interests in the Debtor are all privately held.

15. Pursuant to LBR 1007-2(a)(8), to the best of my knowledge, there is no property of the Debtor in the possession or custody of any public officer, receiver, trustee, pledgee, assignee of rents, liquidator, secured creditor, or agent of any such person.

16. Pursuant to LBR 1007-2(a)(9), the only real property owned, leased or held by the Debtor is the Property.

17. Pursuant to LBR 1007-2(a)(10), all of the corporate assets and books and records are located with the Debtor.

18. Pursuant to LBR 1007-2(a)(11), the only pending or threatened actions or proceedings against the Debtor are as follows:

| Case Title | Court/Case No. | Description | Status |
| --- | --- | --- | --- |
| Century 24th Street Prime Partners LLC v. Prime Hotel Management LLC, et al. | Supreme Court of the State of NY, County of NY 850190/0216 | Mortgage Foreclosure | Pending |
| Century Capital Partners, LLC v. Prime Hotel Management LLC, et al. | Superior Court of NJ, Law Division; Bergen County – BER-006868-16 | Breach of Contract | Judgement Entered/ Appeal Pending |

19. Pursuant to LBR 1007-2(a)(12), the Debtor's management consists of myself as President of Eben Ascel Corp. which is the sole Manager of the Debtor.

20. Pursuant to LBR 1007-2(b)(1), the Debtor estimates that its gross payroll for employees exclusive of officers for the thirty (30) day period following the Petition Date will be $0.

21. Pursuant to LBR 1007-2(b)(2), the amount proposed to be paid for services for the thirty (30) day period following the Petition Date to the officers, directors, and stockholders is $0.

22. Pursuant to LBR 1007-2(b)(3), the Debtor does not anticipate that it will have any cash receipts during the thirty (30) day period following the Petition Date. The Debtor's expenses for the same period should be $0.

23. The Debtor believes that under the supervision of the Bankruptcy Court, it will be able to pay its creditors substantially more than they would receive if the Debtor went through a forced liquidation.

_____
HAG GYUN LEE

Sworn to before me this
29th day of January, 2018

_____
ERIC C. ZABICKI
Notary Public, State of New York
No. 02ZA6078736
Qualified in New York County
Commission Expires August 5, 20 18