Douglas J. Pick, Esq.
Eric C. Zabicki, Esq.
**PICK & ZABICKI LLP**
Proposed Counsel to the Debtor-Plaintiff
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                                                                  Chapter 11
PRIME HOTEL MANAGEMENT LLC,                                  Case No. 18-10221 (SHL)

                        Debtor.
---------------------------------------------------------x
PRIME HOTEL MANAGEMENT LLC,
                                                                                            Adv. Proc. 18-
                        Plaintiff,

    -against-

CENTURY CAPITAL PARTNERS LLC,

                        Defendant.
---------------------------------------------------------x

## COMPLAINT TO AVOID JUDGMENT LIEN AS A PREFERENTIAL TRANSFER PURSUANT TO 11 U.S.C. §547

      Plaintiff Prime Hotel Management LLC, the debtor and debtor-in-possession herein (the "Debtor"), by its undersigned counsel, as and for its complaint against defendant Century Capital Partners LLC ("Defendant"), alleges as follows:

### NATURE OF THE ACTION

      1.    This adversary proceeding is brought by the Debtor to avoid a certain judgment lien which arose in favor of Defendant against certain property of the Debtor within the ninety (90) days prior to its bankruptcy filing as a preferential transfer of an interest of the Debtor in property pursuant to §§547 and 550 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157(b) and 1334(b).

3. This is a "core" proceeding as defined by 28 U.S.C. §§157(b)(2)(F) and/or (b)(2)(O).

4. To the extent that any claims alleged by the Debtor herein may be determined to be "non-core" matters, the Debtor consents to the entry of final orders and judgments by this Court with regard to all claims and issues concerning or arising in connection with this adversary proceeding.

5. Venue of this proceeding is proper pursuant to 28 U.S.C. §§1408 and 1409.

**PARTIES**

6. The Debtor is, and at all times material herein was, a limited liability company organized and existing under the laws of the State of New York.

7. On January 30, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court.

8. Defendant is, and at all times material herein was, a limited liability company organized and existing under the laws of the State of New Jersey with its principal office located at 336 West Passaic Street, Suite 310, Rochelle Park, New Jersey 07662.

**AS AND FOR A FIRST CLAIM FOR RELIEF**
(Avoidance of Preferential Transfer Pursuant to §547 of the Bankruptcy Code)

9. Pursuant to a deed dated October 25, 2013 and recorded on November 1, 2013 in the Office of the City Register of the City of New York at CRFN 2013000453332, the Debtor is the fee owner of certain real property located at and known as 17 West 24th Street, New York, New York, Block 826, Lot 28 (the "Property").

10. On October 13, 2017, a judgment was entered against the Debtor and in favor Defendant in an action in the Superior Court of New Jersey, Law Division: Bergen County, entitled *Century Capital Partners LLC v. Prime Hotel Management LLC and Hag Gyun Lee*, Docket No. BER-L-006868-16 (the "Judgment").

11. On November 3, 2017, Defendant recorded the Judgment in the Office of the Clerk of New York County as a foreign judgment entitled to recognition as a New York judgment pursuant to § 5402 of the New York Civil Practice Law and Rules (the "CPLR").

12. Pursuant to § 5203 of the CPLR, upon the recording of the Judgment in the Office of the Clerk of New York County, a lien arose as against the Property (the "Judgment Lien").

13. The Judgment Lien represents a transfer of an interest of the Debtor in property (the "Transfer").

14. The Transfer occurred within the ninety (90) day period prior to the Petition Date.

15. The Transfer was made to or for the benefit of Defendant.

16. The Transfer was made for or on account of an antecedent debt owed by the Debtor to Defendant before such Transfer was made.

17. The Transfer was made at a time when the Debtor was insolvent.

18. The Transfer enabled Defendant to receive more than it would have received if: (i) the Debtor's case was a case under chapter 7 of the Bankruptcy Code; (ii) the Transfer had not been made; and (iii) Defendant received payment on such debt to the extent provided by the Bankruptcy Code.

19. None of the provisions of § 547(c) of the Bankruptcy Code apply such as to except the Transfer from avoidance under the provisions of the Bankruptcy Code.

20. Accordingly, the Debtor demands the entry of a declaratory judgment avoiding or otherwise vacating the Judgment Lien as against the Property as a preferential transfer within the meaning of §§ 547 and 550 of the Bankruptcy Code.

**WHEREFORE**, the Debtor respectfully requests that this Court enter a declaratory judgment avoiding the Judgment Lien as against the Property, together with the costs and disbursements of this action, and such other and further relief as may be just and proper.

Dated: New York, New York
January 31, 2018

**PICK & ZABICKI LLP**
Proposed Counsel to the Debtor-Plaintiff

By:    /s/Eric C. Zabicki
Eric C. Zabicki, Esq.
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000